1  LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
   JOSEPH P. GARIN, ESQ.
2  Nevada Bar No. 6653
   JESSICA A. GREEN, ESQ.
3  Nevada Bar No. 12383
   9900 Covington Cross Drive, Suite 120
4  Las Vegas, NV 89144
   Telephone: (702) 382-1500
5  Facsimile: (702) 382-1512
   jgarin@lipsonneilson.com
6  jgreen@lipsonneilson.com

7  SIMMONDS & NARITA LLP
   R. TRAVIS CAMPBELL (*pro hac vice*)
8  California Bar No. 271580
   LIANA MAYILYAN (*pro hac vice*)
9  California Bar No. 295203
   44 Montgomery Street, Suite 3010
10 San Francisco, CA 94104
   Telephone: (415) 283-1006
11 tcampbell@snllp.com
   lmayilyan@snllp.com
12
   *Attorneys for Defendant*
13 *Maxwell & Morgan, P.C., erroneously sued*
   *as Maxwell & Morgan, Corp.*
14

15              **UNITED STATES DISTRICT COURT**

16                  **DISTRICT OF NEVADA**

17                        *   *   *

18

19  Glenkirk D. Peters,                ) CASE NO.: 2:18-cv-01399-GMN-GWF
                                        )
20          Plaintiff,                  ) **REPLY MEMORANDUM OF POINTS**
                                        ) **AND AUTHORITIES IN SUPPORT**
21                                      ) **OF DEFENDANT'S MOTION TO**
        vs.                             ) **STAY DISCOVERY PENDING**
22                                      ) **RESOLUTION OF MOTION TO**
                                        ) **DISMISS FIRST AMENDED**
23  Maxwell & Morgan, Corp.,            ) **COMPLAINT**
                                        )
24          Defendants.                 ) ORAL ARGUMENT REQUESTED
                                        )
25                                      )
                                        )
26  _____       )
27
28

## I.    **INTRODUCTION**

Plaintiff Glenkirk D. Peters ("Peters") does not deny that Defendant Maxwell & Morgan, P.C.'s, erroneously sued as Maxwell & Morgan, Corp. ("M&M"), pending Motion to Dismiss is dispositive of the entire case.  Instead, he argues that M&M's motion for stay of discovery should be denied because 1) the Motion to Dismiss purportedly raises "factual issues" that require discovery, 2) the Motion to Dismiss will likely be denied, and 3) he will suffer undue prejudice if discovery is stayed.  None of the arguments have merit.

M&M's pending Motion to Dismiss does not challenge **any** of the factual allegations of the First Amended Complaint ("FAC").  To the contrary, even assuming the truth of these allegations, Peters's claims fail as a matter of law.  Specifically, M&M argued that there was no requirement that the firm "domesticate" the Arizona Judgment[1] in Nevada before filing a garnishment action against Peters's employer and serving his employer with the Writ in Arizona.  Peters has not identify any discovery that bears on this purely legal question.  As such, no discovery is necessary for the Court to resolve M&M's pending Motion to Dismiss.

Even a "preliminary peek" at the pending Motion to Dismiss indicates that it will likely be granted.  Neither the UEFJA[2] nor N.R.C.P.[3] apply to an Arizona wage garnishment that is properly filed and served on the garnishee in Arizona under that states rules.  The Writ of Garnishment was properly issued by the Arizona state court and enforced against the garnishee (Peters's employer) in compliance with Arizona law.  M&M required to "domesticate" the Arizona judgment in Nevada as Peters

---

[1] The terms "Arizona Judgment," "Writ," "Arizona Action," "Garnishment Application," and "Phoenix Address have the meaning as used in M&M's Motion to Dismiss.  *See* Doc. No. 20 at ECF pp. 4:13-5:7.

[2] Uniform Enforcement of Foreign Judgments Act ("UEFJA"), codified at N.R.S. §§ 17.330 through 17.400.

[3] Nevada Rules of Civil Procedure ("N.R.C.P.").

1   suggests.  Given Peters's claims rest entire on this misinterpretation of law, the

2   Motion to Dismiss will likely dispose of the entire case.

3       Peters will not suffer any undue prejudice if discovery is stayed.  He has not

4   even identified any discovery that he needs, let along explained why he needs it now.

5   In fact, he has effectively conceded that his wages are no longer being garnished,

6   which further cuts against his "urgency" argument.  Nor has he explained how a stay

7   of discovery in this action would impact the proceedings in the ongoing state court

8   litigation.  It will not.

9       A stay of discovery is warranted and consistent with the goal of Rule 1 of the

10  Federal Rules of Civil Procedure.

11  **II.    ARGUMENT**

12      **A.    The Motion To Dismiss Does Not Raise Any "Factual Issues" And Peters Does Not Identify Any Discovery That Bears On The Purely Legal Issues Raised In The Motion**

13

14      Peters claims that discovery should not be stayed because M&M's Motion to

15  Dismiss purportedly "raises factual issues" and "challenges the factual allegations"

16  of the First Amended Complaint ("FAC").  *See* Doc. No. 30 at pp. 7:17-8:13.

17  According to him, discovery is needed "to confirm that Caesars is in Nevada and/or

18  that [M&M] knew that [he] lived, worked, and earned his wages in Nevada."  *Id.* at

19  p. 8:9-10.  He is incorrect.

20      M&M's Motion to Dismiss **does not** challenge **any** of the factual allegations

21  of the FAC.  The exact opposite is true.  M&M has assumed – for purposes of its

22  Motion to Dismiss only – that Peters lived, worked and earned his wages in Nevada

23  during the relevant time, and that his employer (Caesars Entertainment) is also

24  located in the state.

25      The Motion to Dismiss argues that, even assuming the truth of those

26  allegations, there was no requirement that the firm  "domesticate" the Arizona

27  Judgment in Nevada before filing a garnishment action against his employer and

28  serving his employer with the Writ in Arizona.  *See* Doc. No. 20 at ECF pp. 8:4-12,

9:1-12:2.[4]  As M&M explained, the service of the Writ on Peters's employer in Arizona was proper because his employer was subject to personal jurisdiction in Arizona. *Id*. at pp. 7:18-8:28; Doc. No. 26 at pp. 4:1-5:23, 8:1-9:7.  Whether or not Nevada's UEFJA or N.R.C.P required the Arizona Judgment to also be "domesticated" in Nevada under these alleged facts is a purely legal question for the Court to decide.  Moreover, there is no dispute that if the Court agrees with M&M, Peters's claims fail and the case will end.

No discovery is needed for the Court to resolve the purely legal question raised in M&M's Motion.  *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (Where a complaint is challenged as "deficient as a matter of law," discovery is not required for the resolution of that motion.).[5]  Tellingly, Peters does not identify any discovery he purportedly needs that bears on this issue.  There is none.

M&M's Motion to Dismiss "presents a dispositive legal question that would resolve [Peters's] claims without the need for discovery."  *See 5035 Vill. Tr. v. Durazo*, 2016 WL 6246304, at *3 (D. Nev. Oct. 24, 2016) (granting discovery stay pending outcome of dispositive motion).  A temporary stay of discovery until the Court resolves this threshold, dispositive legal issue "will further the goals of judicial

---

[4] Peters does not dispute that his employer has a registered agent for service of process in Arizona or that the Writ was served on his employer's registered agent in the state.  *See* Doc. No. 20-1 at Ex. H.

[5] *See also Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 608 (D. Nev. 2011) ("The motion raises no factual issues, and will be decided purely on issues of law.  This case is currently at the pleading stage and the Ninth Circuit has held that the purpose of Rule 12(b)(6) is to enable Defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery."); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) ("Here, there were no factual issues. The district court took all the facts alleged in the complaint as true and decided that the facts as alleged did not add up to either an anti-tying claim or a civil RICO claim.  Rae has failed to point to any specific information obtainable through discovery that would have enabled appellants to state a federal cause of action.").

economy and control of the Court's docket." *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at *3 (D. Nev. May 1, 2013) (same). Accordingly, this motion should be granted and discovery should be temporarily stayed.

**B.    M&M's Motion To Dismiss Will Be Granted Because Peters's Claims Fail As A Matter Of Law**

Peters spends most of his Opposition arguing that a stay of discovery is inappropriate because M&M will not prevail on its Motion to Dismiss. *See* Doc. No. 30 at ECF pp. 8:14-14:3. His brief simply rehashes the arguments made in response to M&M's Motion. *Compare* Doc. No. 21 at ECF pp. 8:1-17:11 *with* Doc. No. 30 at ECF pp. 8:14-14:3. As discussed in M&M's Motion and Reply, he is incorrect. *See* Doc. Nos. 20 & 26.

It is true that this Court can take a "preliminary peek" at whether M&M will prevail on its Motion to Dismiss in connection with deciding whether to stay discovery. *See Davis v. Nevada*, 2014 WL 1308347, at *2-4 & nn.2-3 (D. Nev. Mar. 31, 2014). The "preliminary peek," however, "is not intended to predict the outcome of the motion, but rather to evaluate whether a stay is consistent with the goal of the Federal Rules of Civil Procedure of securing a just, speedy and inexpensive determination of the case." *Id*.

M&M submits that even a "preliminary peek" into the merits of its Motion to Dismiss reveals that the claims in the FAC fail as a matter of law. Regardless, at a minimum, the Motion shows that a stay of discovery is appropriate until the Court decides the threshold legal issue.

As discussed more fully in M&M's Motion and Reply, neither the UEFJA nor N.R.C.P. apply to an Arizona wage garnishment that is properly filed and served on the garnishee in Arizona under that states rules. *See* Doc. No. 20 at ECF pp. 7:18-12:2; Doc. No. 26 at ECF pp. 3:9-10:2. That is precisely what M&M did here. The UEFJA and N.R.C.P. only apply to out-of-state judgments that are filed in a Nevada court. *Id*. Nothing in the UEFJA purports to govern a garnishment action filed in

Arizona in which the writ of garnishment is properly served on the garnishee in that state. *Id*.

The Writ was properly issued against Peters's employer by an Arizona court and enforced in Arizona pursuant to Arizona law. *See* Doc. No. 20 at ECF pp. 7:18-8:28; Doc. No. 26 at ECF pp. 3:9-5:23, 8:1-10:2. The garnishment was proper in Arizona because the garnishee (Peters's employer) was subject to personal jurisdiction in Arizona. *Id*. Personal jurisdiction was established over Peters's employer when the Writ was served on the employer's authorized agent at the Phoenix Address. *Id*; *Ellsworth Land & Livestock Inc. v. Bush*, 233 P.3d 655, 657-58 (Ct. App. 2010) ("*Ellsworth*") (following Section 68 of the Restatement (Second) of Conflict of Laws ("Restatement Section 68) and holding Arizona writ of garnishment compelling garnishing to remit out of state funds to judgment-creditor was proper because Arizona had personal jurisdiction over garnishee).[6] Accordingly, M&M properly sought to enforce the judgment in Arizona by way of the Writ served on his employer in Arizona.[7]

---

[6] M&M pointed out in its Reply brief that, like Arizona, Nevada also follows Restatement Section 68) as the Nevada Supreme Court stated in *Pacific Western Bank v. Eighth Judicial District Court*, 383 P.3d 252, 255-56 (Nev. 2016) ("*Pacific Western Bank*"). *See* Doc. No. 26 at ECF pp. 4:1-5:23. Peters is flatly wrong that *Pacific Western Bank* supports his position. *See* Doc. No. 30 at n.6. Just like the out-of-state annuity payments in *Ellsworth* and the out-of-state accounts in *Pacific Western Bank,* the wages Peters is owed from his employer are akin to "debt." *See* Doc. No. 26 at ECF pp. 3:9-5:23. As a result, Restatement Section 68 applies and the fact that Peters's wages are allegedly located outside of Arizona is irrelevant. *See Ellsworth*, 233 P.3d at 657-58; *Pacific Western Bank*, 383 P.3d at 255-56.

[7] Just like he did in his Opposition to the Motion to Dismiss, Peters makes baseless accusations about the propriety of the method of service that resulted in the entry of the Arizona Judgment and claims that failing to domesticate the judgment in Nevada deprived him of certain notices. *See* Doc. No. 30 at ECF pp. 12:22-13:5. Neither of these allegations are relevant to the claims pled in the FAC, nor do they have anything to do with the legal issue raised in M&M's Motion to Dismiss. Regardless, as M&M explained in its Reply, Peters was given proper notice and opportunity to object

---

1        M&M is highly likely to prevail on its Motion to Dismiss.  Peters's FDCPA[8]

2   claims (the only ones left in this case) are based on a fundamental misinterpretation

3   of Nevada and Arizona law.[9]  As a result, a brief stay of discovery is appropriate

4   until the Court rules.[10]

5   //

6   //

7   //

8   _____

9   to the garnishment consistent with Arizona's garnishment procedures.  *See* Doc. No. 26

10  at ECF pp. 9:8-10:2.  Additionally, the judgment was properly obtained and to the extent

11  he claims it was not, his attack on the judgment is barred under the *Rooker-Feldman*
    doctrine.  *Id*. at ECF p. 10:22-28.

12      [8] Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

13      [9] It makes no difference that the FDCPA is purportedly a "remedial" and "strict

14  liability" statute, as Peters contends.  *See* Doc. No. 30 at ECF pp. 13:6-14:3.  There must
    be some misconduct to establish liability under the statute.  Here, M&M enforced the

15  Arizona Judgment in Arizona in compliance with Arizona law.   There was no

16  misconduct whatsoever.  Peters also continues to wrongly claim that whether M&M
    violated sections 1692e and 1692f of the FDCPA is a question for the jury.  *See* Doc.

17  No. 30 at p. 11:18-21.  As explained in M&M's Reply brief, this is a question of law for

18  the Court.  *See* Doc. No. 26 at ECF p. 8:24-28; *Gonzales v. Arrow Fin. Servs., LLC*, 660
    F.3d 1055, 1061 n.3 (9th Cir. 2011).

19

20      [10] *See, e.g., Hardy v. Global Options Servs., Inc.,* 2013 WL 6059154, *2 (D. Nev.

21  2013) (granting order staying discovery: "Plaintiff's defamation claim, as currently
    stated, is not likely to survive under the Rule 12(b)(6) standard"); *Rizzolo v. Henry*,

22  2013 WL 1890665, *6 (D. Nev. 2013) (granting order staying discovery: "Plaintiff's two
    arguments against dismissal based on issue preclusion will likely fail."); *Stephens v.*

23  *LVNV Funding, LLC*, 2013 WL 1069259, *5 (D. Nev. 2013) (granting order staying

24  discovery: "After taking a 'preliminary peek' into the pending motion to dismiss (#13),
    the court finds that staying discovery is warranted [citation omitted].  The motion (#13)

25  could be potentially dispositive of all of plaintiff's claims against the defendant");

26  *Ministerio Roca Solida v. U.S. Dep't. of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev.

27  2013) (granting order staying discovery: "The purpose of Federal Rule of Civil
    Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a

28  complaint without subjecting themselves to discovery").

1

### C.   A Brief Stay Of Discovery Until The Court Rules On The Motion To Dismiss Will Not Prejudice Peters

2

Peters argues that he will "suffer unnecessary prejudice" if discovery is stayed.

3

*See* Doc. No. 30 at p. 14:4.  Even assuming "prejudice" is relevant to the analysis, he

4

is wrong.[11]

5

As discussed above, Peters does not identify **any** discovery he needs that bears

6

on M&M's Motion to Dismiss.  Discovery is not needed "to confirm that Caesars is

7

in Nevada and/or that [M&M] knew that [he] lived, worked, and earned his wages in

8

Nevada," because M&M has conceded these facts for purposes of its Motion.  His

9

unsupported speculation that unidentified evidence will be lost or destroyed is

10

baseless and insufficient.  *See, e.g., Ali v. JP Morgan Chase Bank*, 2014 WL

11

12691084, at *1 (N.D. Cal. Mar. 10, 2014) (granting a stay where the plaintiff failed

12

to "point to any specific witness or type of evidence that is actually at risk of being

13

lost."); *Murphy v. DirecTV, Inc.*, 2008 WL 8608808, at *3 (C.D. Cal. July 1, 2008)

14

("While the Court recognizes that delaying the proceedings will likely impose some

15

burden on Murphy and the prospective class members, any risk of lost evidence is

16

entirely speculative at this point.").[12]

17

18

_____

19

[11]  Prejudice is not one of the factors courts consider in determining whether to

20

stay discovery pending resolution of a potential dispositive motion.  *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) ("Courts in this District have

21

formulated three requirements in determining whether to stay discovery pending resolution of a potentially dispositive motion; motions to stay discovery may be granted

22

when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a

23

"preliminary peek" at the merits of the potentially dispositive motion and is convinced

24

that the plaintiff will be unable to state a claim for relief.").

25

[12] Peters's reliance on *Richardson v. Verde Energy USA, Inc.*, 2016 WL 4478839,

26

at *2 (E.D. Pa. Aug. 25, 2016) is misplaced.  In *Richardson*, the defendant filed a

27

motion to stay proceedings pending decisions from the United States Supreme Court in *Spokeo, Inc. v. Robins*, and from the Court of Appeals for the District of Columbia in

28

*ACA Int'l v. F.C.C. Id.* at *1.  Because of the uncertainty regarding when the D.C.

1
2
3
4
5
6
7
8
9
10

There is no "additional urgenc[y]" to conduct discovery in this case. *See* Doc. No. 30 at 14:14-22. Peters cannot even articulate what discovery he claims he needs. The filings in the ongoing state court litigation do not create any urgent need for discovery in this case. Indeed, M&M's serving the underlying pleadings on Peters's counsel in this matter and nothing is prohibiting them from responding or objecting where they deem appropriate. Tellingly, they have not challenged the propriety of the garnishment in the state court case. Additionally, Peters admits he is no longer employed at Casears, *see* Doc. No. 14:17-19, and therefore his wages are presumably no longer being garnished. Peters will not suffer any prejudice if discovery stayed while the Court resolves M&M's Motion to Dismiss.

11

## III.   <u>CONCLUSION</u>

12
13
14
15

For the foregoing reasons, and the reasons set forth in its opening memorandum, M&M respectfully request the Court issue an Order staying discovery in this matter pending a ruling on the Motion to Dismiss the First Amended Complaint.

16
17

DATED: January 10, 2019                    SIMMONDS & NARITA LLP

18
19
20
21

 /s/ Liana Mayilyan
Liana Mayilyan (*pro hac vice*)
California Bar #295203
Attorneys for Defendant
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

22
23
24

———————————————

25
26
27
28

Circuit Court of Appeals in *ACA Int'l* was going to make its final determination and how that decision would impact the case, the court denied the motion for a stay. *Id.* at *3. In addition, the court noted that the plaintiff "will still have to conduct discovery on the composition of the defendant's dialing systems regardless of the outcome of the ACA case." *Id.* Here, as discussed above, M&M's pending motion to dismiss is dispositive of the entire case. No additional discovery is needed.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on January 10, 2019, I electronically filed the attached document to the Clerk's Office using the CM/ECF system for the United States District Court for the District of Nevada. I further certify that the following counsel for Plaintiff are registered CM/ECF users and that service will be accomplished upon them using the CM/ECF system:

Michael Kind, Esq.
Nevada Bar No.: 13903
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No.: 9086
**Haines & Krieger, LLC**
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
dkrieger@hainesandkrieger.com

 /s/Liana Mayilyan
Liana Mayilyan  (*pro hac vice*)