# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GLENKIRK D. PETERS,

    Plaintiff,

vs.

MAXWELL & MORGAN, CORP.,

    Defendant.

Case No.: 2:18-cv-01399-GMN-EJY

**ORDER**

Pending before the Court is Defendant Maxwell & Morgan, Corp.'s ("Defendant's") Motion to Dismiss, (ECF No. 20). Plaintiff Glenkirk Peters ("Plaintiff") filed a Response, (ECF No. 21), and Defendant filed a Reply, (ECF No. 26).[1] For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

## I. BACKGROUND

This case concerns Defendant's collection of a debt owed by Plaintiff to the homeowner's association governing Plaintiff's home in Arizona. (Am. Compl. ¶¶ 18–19). Plaintiff alleges that, when he sold his Arizona home in 2013, he believed the proceeds of the sale "paid off any debts relating to the house, including the homeowners association, Rancho El Dorado HOA (the 'HOA')." (*Id.* ¶ 19). After that sale, Plaintiff moved to Las Vegas, where he worked for Caesars Entertainment. (*Id.* ¶ 21). Plaintiff states that he never worked for Caesars while in Arizona, nor does Caesars have corporate offices in Arizona. (*Id.* ¶ 22).

---

[1] Also pending before the Court are Defendant's Motion for Judgment on the Pleadings, (ECF No. 15), and Motion to Dismiss, (ECF No. 16). After Defendant filed those Motions, Plaintiff amended the Complaint as a matter of right. (*See* Am. Compl., ECF No. 17). Because that amended supersedes the initial Complaint, the Court denies Defendant's Motions, (ECF Nos. 16, 17), as moot. *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 531 (9th Cir. 2018); *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

In 2016, Defendant sued Plaintiff in Arizona state court alleging that Plaintiff had outstanding financial obligations to the HOA. (*Id.* ¶¶ 23–24). Defendant then served Plaintiff with this lawsuit through publication in Arizona, though Plaintiff alleges that he did not know about the suit at that time. (*Id.* ¶¶ 26–27). Defendant eventually obtained a judgment against Plaintiff in Arizona state court (the "Arizona Judgment"). (*Id.* ¶ 28). From that lawsuit and judgment, Defendant sought to garnish Plaintiff's wages to repay the outstanding HOA debt by securing a Writ of Garnishment in the Superior Court of the State of Arizona, County of Pinal. (*Id.* ¶ 32). Defendant did not seek or secure a writ of garnishment in Nevada. (*Id.* ¶ 34). As of May 2018, Defendant garnished approximately $418.51 per week of Plaintiff's wages earned at Caesars based on the Arizona Judgment. (*Id.* ¶ 33).

Plaintiff filed his initial Complaint on July 27, 2018, asserting that Defendant's garnishment of his wages was procedurally incorrect under Nevada law. Defendant moved to dismiss the initial Complaint on September 28, 2018, and also moved for judgment on the pleadings. (Mot. Dismiss, ECF No. 16); (Mot. J. on Pleadings, ECF No. 15). Roughly eleven days later, Plaintiff amended his initial Complaint, (Am. Compl., ECF No. 17), and alleges that Defendant's actions in collecting the HOA debt and garnishing his wages were improper under Nevada laws, thus supporting a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (*Id.* ¶¶ 38–65). Defendant thereafter filed the instant Motion to Dismiss, (ECF No. 20).

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the

complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers

materials outside of the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. <u>DISCUSSION</u>

Defendant moves to dismiss Plaintiff's Amended Complaint on the ground that Defendant never sought to enforce or execute its Arizona Judgment in Nevada; and thus, it did not engage in abusive debt collection practices by violating Nevada law. (Mot. Dismiss ("MTD") 1:20–2:7, ECF No. 20). Defendant claims that it merely served Caesars's registered agent in Arizona with the Arizona Judgment and court-authorized Writ of Garnishment in compliance with Arizona's laws, and Caesars then properly garnished Plaintiff's wages.[2] (*Id.* 5:19–6:3). Accordingly, Defendant contends that by not petitioning Plaintiff's employer in Nevada, nor seeking to execute the Arizona Judgment through Nevada courts, it had no obligation to domesticate the Arizona Judgment in Nevada or comply with Nevada's laws on execution of foreign judgments. (*Id.* 8:5–24).

---

[2] Defendant's act of serving the Arizona Judgment and Writ of Garnishment on Caesars's registered agent in Arizona is not alleged in the Amended Complaint. However, Plaintiff does not contest that this manner of service occurred. (*See* Resp., 13:15–14:16, ECF No. 21). Further, Defendant requests that the Court take judicial notice of this Arizona Judgment and other court filings related to that Judgment, and the Amended Complaint references the Arizona Judgment. (Req. Judicial Notice, Ex. 1 to MTD, ECF No. 20-1); (Am Compl. ¶¶ 30–32). Plaintiff does not contest that request. The Court accordingly grants Defendant's request and will take judicial notice of the Exhibits attached to Defendant's Motion to Dismiss to the extent that the documents are public records. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Page 4 of 8

In response, Plaintiff argues that, because he earned the garnished wages in Nevada, Defendant had to comply with Nevada's Uniform Enforcement of Foreign Judgments Act ("UEFJA"), which consists of Nevada Revised Statutes ("NRS") §§ 17.330 to 17.400, before garnishment could occur. (Am. Compl. ¶¶ 44); (Resp. 9:4–21, ECF No. 21). By failing to domesticate the Arizona Judgment under Nevada's UEFJA, Plaintiff contends that Defendants' garnishment was illegal and violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (*Id.* 10:21–23).

Nevada's UEFJA governs the procedures for an entity or person seeking to execute a foreign judgment[3] in Nevada. To invoke the UEFJA's procedures, the entity or person seeking recovery of the foreign judgment may file "an exemplified copy of [the] foreign judgment . . . with the clerk of any district court of this state." Nev. Rev. Stat. § 17.350. The party seeking recovery of the foreign judgment in Nevada then must comply with the UEFJA's filing and notice requirements, as well as waiting the applicable time-period before executing or enforcing the foreign judgment in Nevada. *See* Nev. Rev. Stat. § 17.360. In the alternative to filing an exemplified copy of the foreign judgment with a district court clerk under NRS 17.300 to 17.400, "a judgment creditor may elect to bring an action to enforce his or her judgment." *See* Nev. Rev. Stat. § 17.390; *Transfirst Grp., Inc. v. Magliarditi*, No. 2:17-cv-00487-APG-VCF, 2017 WL 2294288, at *3 (D. Nev. May 25, 2017); *see also* Nev. R. Civ. P. 69 ("A money judgment is enforced by a writ of execution, unless the court directs otherwise.").

Plaintiff cites various cases both within and out of this District to argue that Defendant could not have garnished Plaintiff's wages in Nevada unless Defendant domesticated the Arizona Judgment in Nevada and in compliance with Nevada's UEFJA. (Resp. 10:1–23–12:6–

---

[3] The UEFJA defines a "foreign judgment" as "any judgment of a court of the United States or of any other court which is entitled to full faith and credit in this state." Nev. Rev. Stat. § 17.340 (noting two minor exceptions for "a judgment to which chapter 130 of NRS applies" and "an order for protection issues for the purpose of preventing violent or threatening acts or harassment . . . .").

17) (citing, among others, *Mem'l Hosp. of Martinsville v. D'Oro*, No. 4:10MC00001, 2011 U.S. Dist. LEXIS 73278 (W.D. Va. July 8, 2011), *Kabana, Inc. v. Best Opal, Inc.*, No. 2:06-cv-00806-BES-GWF, 2007 U.S. Dist. LEXIS 10947 (D. Nev. Feb. 8, 2007); *Haemerle v. YRC, Inc.*, No. 2:15-cv-1245 JCM (CWH), 2016 U.S. Dist. LEXIS 14246 (D. Nev. Feb. 5, 2016)). Plaintiff's cited authority does not, however, support his argument in the context of this case. Unlike here, at issue in most cases cited by Plaintiff was the transfer of a judgment from one state to another, and the recipient court's determination about whether that transferred judgment could be executed under the recipient state's laws. *See Kabana*, 2007 U.S. Dist. LEXIS 10947, at *9 (concerning the transfer of a New Mexico judgment to a Nevada district court, registration of that judgment in Nevada, and then attempted execution of the judgment through the Nevada court without first complying with NRS 17.360); *Haemerle*, 2016 U.S. Dist. LEXIS 14246, at *3 (concerning similar circumstances as *Kabana*, but with regard to a Texas judgment transferred to Nevada); *Tomlin v. Tomlin*, No. A-93-253, 1994 Neb. App. LEXIS 351, at *7 (Ct. App. Dec. 13, 1994) (concerning a challenge to the Nebraska district court's ability to take jurisdiction over, and enforce, outstanding alimony payments originally authorized by a Kansas district court); *Polacke v. Superior Court*, 823 P.2d 84, 85 (Ariz. Ct. App. 1991). Here, Defendant did not transfer the Arizona Judgment to Nevada or petition a Nevada court to enforce it. (Am. Compl. ¶ 34). Thus, the Court is not presented with an issue of scrutinizing a petition for execution in Nevada to determine if the underlying procedures complied with Nevada law.

Moreover, Plaintiff is not challenging the Arizona court's ability to authorize garnishment of Plaintiff's wages in connection to Caesars's registered agent in Arizona. Without that challenge, this case differs from the other authority Plaintiff cites in support of his argument because the Court need not determine the scope of a state's garnishment order. *Compare* (Am. Compl. ¶ 8) ("Through this complaint, Plaintiff does not challenge any state

court judgment, and Plaintiff does not seek to reverse or modify any judgment of any state court."); *with Mem'l Hosp. of Martinsville v. D'Oro*, No. 4:10MC00001, 2011 U.S. Dist. LEXIS 73278, at *8 (W.D. Va. July 8, 2011) (dealing with the creditor's argument based on Virginia law that, "because the Department of Veterans Affairs has hospitals in the Western District of Virginia, [the *Virginia* Court] is able to execute upon and garnish any wages paid by the VA, regardless of where the Debtor earns those wages"), and *id.* ("In coming to this [Virginia] Court to seek execution upon the assets of a Debtor living and working in the Middle District of Pennsylvania and garnishment upon a Garnishee located in the Northern District of Ohio, the Creditor has not followed the proper enforcement procedure.").

Altogether, materially absent from the Amended Complaint are allegations that Defendant took actions in Nevada to garnish Plaintiff's wages. That is, Defendant provided the Arizona Judgment to Caesars's registered agent in Arizona and in alignment with Arizona procedures. (*See* Application for Garnishment, Ex. F to MTD, ECF No. 20-3); (Writ of Garnishment, Ex. G to MTD, ECF No. 20-3); *Ellsworth Land & Livestock Inc. v. Bush*, 224 Ariz. 542, 544, 233 P.3d 655, 657 (Ct. App. 2010); *Randall v. Maxwell & Morgan, P.C.*, 321 F. Supp. 3d 978, 984 (D. Ariz. 2018) ("[A]n examination of Arizona's garnishment scheme shows that a garnishment action is against the garnishee, not the judgment debtor."). Because Plaintiff does not challenge the authority of the Arizona Judgment or Writ of Garnishment, and because Plaintiff does not allege that Defendant took actions to enforce its Arizona Judgment outside of Arizona, Plaintiff has not plausibly demonstrated that Defendant had to comply with Nevada's UEFJA or otherwise petition a Nevada court before garnishment could occur.[4] Consequently,

---

[4] Plaintiff argues as a policy matter that, by permitting the Arizona court to garnish his wages earned in Nevada without domestication of the Arizona Judgment in Nevada, Plaintiff would have no opportunity to contest the underlying garnishment or defend himself. (Resp. 14:10–16, 17:2–11) ("Plaintiff had no real opportunity to defend himself in the Arizona case"). However, this argument goes to the Arizona court's ability to enforce the Arizona Judgment based on his default in Arizona, and setting aside that default. This argument also appears to contest the Arizona Writ of Garnishment's ability to encompass out-of-state wages. *Cf.* Restatement (Second) of Conflict of Laws § 68 (2019) (explaining how a court "may refuse to entertain garnishment proceedings against a

Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, fail because they are premised on Defendant having violated Nevada law on domesticating or otherwise executing foreign judgments in Nevada. (*See* Am. Compl. ¶¶ 38–65).

The Court thus dismisses Plaintiff's Amended Complaint, but does so without prejudice. That is, in light of the absent allegations discussed above, it is not clear that the deficiencies of the Amended Complaint cannot be cured with additional facts if true. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Plaintiff shall have twenty-one days from the date of this Order to file a second amended complaint. Failure to timely do so will constitute dismissal of this matter with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings, (ECF No. 15), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (ECF No. 16), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (ECF No. 20), is **GRANTED**. Plaintiff's Amended Complaint, (ECF No. 17), is **DISMISSED without prejudice**. Plaintiff shall have twenty-one days from the date of this Order to file a second amended complaint. Failure to do so will constitute dismissal of this matter with prejudice.

**DATED** this __29__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court

---

garnishee . . . ."). With this policy argument, the Court again notes that, in this case, Plaintiff "does not challenge any state court judgment, and [he] does not seek to reverse or modify any judgment of any state court." (Am. Compl. ¶ 8).